*B. F. Camp,* for *appellant.*

*I. & J. Caldwell,* for *appellee.*

---

THOMAS MONARCH, ETC., *v.* DAVIESS COUNTY COURT.

**Courts—County Court—Imposition and Collection of Taxes.**

Under § 19, Act February 27, 1867, chartering a railroad company, the presiding judge of the county court comprises the court, and has authority in the matter of imposing taxes and collection of the same, was derived from the legislative act and not from any supposed delegation of power from the county court.

**Railroads—Subscription for Stock—Collection of Taxes to Pay.**

Where the Legislature in chartering a railroad by special act, provided for an election on the question of subscribing for railroad stock, and for collection of taxes to pay for such subscription as

might be made, left the collection of the taxes wholly to the county court without prescribing the manner of collection, and by whom the collection should be made or the time of collection, the county court has power to levy the tax, appoint the officer or officers to collect the same, prescribe the condition of their bonds, and direct to whom and what time such officers should pay over the amount collected.

### Railroads—Action on Tax Collector's Bond—Pleading.

In an action on a tax collector's bond, it is not necessary to allege that the county court had ordered him to pay over, where the bond fixed the time and place of payment.

### Taxation—Tax Collector—Commission.

A tax collector is not entitled to commission from taxes for which he failed to account.

### Taxation—Tax Collector—Liability for Interest.

A tax collector is liable for interest on taxes collected by him and not accounted for on the first day of May of each year, where it was his duty to account on such date for all taxes collected.

### Taxation—Tax Collector—Liability for Interest.

A tax collector can not escape liability for interest on the ground that he failed to collect the tax within the prescribed time, and without showing that he made an honest effort to comply with his undertaking.

### Taxation—Tax Collector—Settlement—Presumption.

Where the county court has jurisdiction of the settlement of tax collectors, it can not be presumed that it did not take the necessary steps to authorize the making of a settlement.

APPEAL FROM DAVIESS CIRCUIT COURT.

December 11, 1872.

OPINION BY JUDGE LINDSAY:

By the 19th section of the Act Approved February 27, 1867, entitled, "An Act to Charter the Owensboro and Russellville Railroad Company," the County Court of Daviess county was empowered after obtaining in the mode prescribed, the sanction of a majority of votes cast at the election directed to be held to subscribe to the capital stock of said company, and to provide for the collection of such tax as it might be necessary to levy, to pay the subscription when made. The collection of the tax was entrusted wholly to the County Court, the Legislature utterly failing to

prescribe the time or manner of collection, or the officer by whom it was to be made. Such being the case, the county court had the power to levy the necessary taxes, to appoint the officer or officers to collect them, to direct the time of collection, to prescribe the conditions of the bonds to be given by the collecting officers, and to direct to whom and at what time these officers should pay over and account for such amounts as they might collect or undertake to collect.

The order of the county court, made at the July term, 1868, in so far as it was attempted to confer power upon the presiding judge or to limit his rights, when sitting as the county court, in providing for the collection of this railroad tax and fixing the duties of the collectors, was not only unnecessary but was not binding upon him.

For the purposes of the act, such judge alone composed the county court, and, sitting as such, his authority in the matter was derived from the act and not from this supposed delegation of power.

It follows, therefore, that when the county court appointed the collectors it had full power to fix the conditions of their bonds, and these conditions must be upheld, notwithstanding they do not accord with the terms of the order of July, 1868.

Monarch covenanted that he would collect the taxes levied in 1868, and that he would on and after the first day of September, 1868, make monthly payments to the Deposit Bank of Owensboro to the credit of Triplet, Berry and Tyler up to the first of May, 1869, when it was clearly contemplated that the entire amounts for which he was accountable should be paid.

The second bond provided for the first payment on the tax for 1869 on the first of September, 1869, and then for monthly payments up to May 1, 1870, when the whole amount should be paid.

The two petitions specifically set out the amount of taxes put into Monarch's hands for collection in each year, distinctly allege that the whole amount levied in each year had been collected, give the credits to which he was entitled, strike the balance and allege a violation of his bonds in failing to pay over or account for such balances.

It was not necessary to allege that the county court had ordered him to pay over. The acceptance of the bonds were acts of the

county court, and by fixing the time and place of payment in the face of the bonds, the necessity for orders to pay over was dispensed with.

We cannot decide from the petitions that Monarch was entitled to commissions for collecting taxes which he had failed to account for; the law does not fix the compensation which the collectors were to receive, nor does the petition disclose the nature of the contract between them and the county court on that subject.

The court properly allowed interest from the first of May in each year. It was the duty of the collector to collect and account for all the collectible taxes in his hands by those dates, nor is it material in this regard whether the bonds are treated as statutory or common-law obligations. The petition alleges that all the taxes were collected at the time the suits were instituted. Monarch cannot escape the payment of interest because he had failed to collect them within the prescribed time, even if the bonds are not statutory, without showing that an honest effort had been made to comply with his undertaking.

By his failure to perform his duty the county court was kept out of the use of the money, and as this was caused by the default of the collector he ought not to complain at being required to pay interest on the amount he had failed to collect and pay over.

Counsel are not exactly correct in assuming that the settlement of Riley, filed with the suit on the bond of 1869, shows that any part of the taxes for that year remained uncollected. It merely shows that the collector reported to him and that there was marked on the tax book as collected $8,895.26, and then that this sum when deducted from the whole amount left uncollected taxes amounting to $7,052.56.

The correctness of this conclusion depends upon whether the tax book presented truthfully the amount of collections then made.

We do not, however, regard this as at all material, as it was clearly the duty of the collector to have made the collections within the prescribed time, or to show some legal excuse for failure to do so. The petitions each set out facts constituting causes of action, and the two judgments are in accordance with the law arising

upon the facts as set out, and as appellant failed to make defense, they must both be affirmed.

(See next case for response to petition for rehearing.)

*Sweeney & Stewart, for appellants.*

*Ellis & Riley, for appellee.*

### RESPONSE TO PETITION FOR RE-HEARING.

#### December 25, 1872.

OPINION BY JUDGE LINDSAY:

By the petition on the first of Monarch's bonds it appears that he was indebted to the county court in the exact amount for which judgment was rendered.

The statements of this petition were confessed, appellants failing to answer. But they now insist that the two settlements filed as exhibits show that the amount really due was less than that for which judgment was claimed and rendered.

The last settlement appears upon its face to have been made with Monarch in person. It was in due time reported to the county court, and without objection ordered to be put on record. We are asked to presume that this settlement was extrajudicial, made without authority, and invalid, because it is not shown that the proper steps were taken in the county court to avoid the effect of the approval of the first. The county court had jurisdiction of the entire matter involved. There is nothing in the record tending to establish its want of authority to make the last settlement. We can not assume that it did not take the necessary steps to authorize the making of the last settlement in the face of the fact that appellants have virtually confessed that they owe the amount shown by it to be due.

Counsel are mistaken as to the failure of the commissioner to allow Monarch a credit for one thousand dollars and the seven and one-half per cent commission for its collection. The amount he paid after the first settlement was ten dollars instead of one thousand, and for this amount and the commission thereon he received a credit.

The correction of the first settlement as to commissions, without objection upon Monarch's part, and the failure in the settlement

of his last year's accounts to allow commissions on the amounts not accounted for conduces to show that he was not under the terms of his employment entitled to the compensation now claimed.

The settlements do not show that the allegations in the petitions to the effect that Monarch had collected all the taxes placed in his hands were not true. The settlements of his accounts were made in June, 1870, and the suits for the balance due were not filed until the 21st day of July, 1871.

There was ample time within which to collect every cent of the amounts shown by the settlements to remain uncollected.

The petition must be overruled. (See preceding case.)

*Sweeney & Stewart, for appellants.*

*Ellis & Riley, for appellee.*